IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBROSIO ROUSE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 13-0065 |
| | ) | United States Magistrate Judge |
| II-VI INCORPORATED, | ) | Cynthia Reed Eddy |
| BRUCE GLICK, CSABA SZELES, | ) | |
| SAMUEL J. PASQUARELLI, | ) | |
| BEVERLY A. BLOCK, | ) | |
| FRANCIS J. KRAMER, CARL J. JOHNSON, | ) | |
| JUDGE MARILYN J. HORAN, | ) | |
| JUDGE CHERYL LYNN ALLEN, | ) | |
| JUDGE SALLIE UPDYKE MUNDY, | ) | |
| JUDGE CORREALE F. STEVENS, and | ) | |
| JUDGE JOHN L. MUSMANNO, | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION
TO GRANT MOTIONS TO DISMISS**

**I.**     **Recommendation**

Because Plaintiff's underlying claims have been previously adjudicated and his new claims against new defendants are barred by absolute judicial immunity, *Rooker-Feldman* and/or the statute of limitations, I recommend that the District Court grant the three motions to dismiss Plaintiff's complaint with prejudice.

**II.**     **Factual and Procedural Background**

Plaintiff Ambrosio Rouse is an African American male formerly employed by Defendant II-VI, Incorporated ("II-VI"), a manufacturing company located in Saxonburg, Pennsylvania. On January 14, 2013, Plaintiff filed a rambling, 48 page, 244 paragraph, complaint raising Title VII, ADA, PHRA and common law claims alleging that II-IV,

Bruce Glick, Carl J. Johnson, Csaba Szeles and Francis J. Kramer, all officers or employees of II-VI when Plaintiff was hired and when he was terminated on May 19, 2004, discriminated against him and terminated his employment because of his age and race and in retaliation for complaining of discrimination.

Defendants Samuel J. Pasquarelli and Beverly A. Block were and are attorneys employed by the law firm of Sherrard, German & Kelly, P.C., who represented II-VI, Dr. Johnson, Mr. Kramer, Mr. Glick and other officers or employees of II-VI in other lawsuits filed by Plaintiff. Defendants Marilyn J. Horan, Cheryl Lynn Allen, Sallie Updyke Mundy, Correale F. Stevens, and John L. Musmanno are judges on the Pennsylvania Court of Common Pleas or the Pennsylvania Superior Court. All of the claims against these defendants are based on judicial decisions regarding a complaint Plaintiff filed in the Court of Common Pleas of Butler County (the "underlying action"), Judge Horan presiding, which was upheld by the other judges involved in appellate review.

The facts of the underlying action need not be and will not be recited, inasmuch as several judicial opinions already have done so quite thoroughly, including those of Judge Terrence F. McVerry of the United States District Court of the Western District of Pennsylvania, and of the Court of Appeals for the Third Circuit. *E.g., Rouse v. II-VI Inc.*, 2008 WL 2914796 (W.D.Pa. 2008), *aff'd* WL 1337144 (3d Cir. 2009). The current complaint adds allegations of a nefarious civil conspiracy on the part of the attorneys and state court judges who had any involvement in Plaintiff's employment discrimination litigation, working in concert to ensure that his claims would be unsuccessful.

**Motions to Dismiss (ECF Nos. 7, 15 and 17)**

Three motions to dismiss have been filed, by the II-IV defendants (ECF No. 7), the judicial defendants (ECF No. 15), and the attorney defendants (ECF No. 17). After careful consideration of said motions, the briefs in support, and Plaintiff's responses and briefs in opposition thereto, the Court will grant the motions to dismiss.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "'judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of" the state from which they emerged. Section 1738 'has long been understood to encompass the doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion.'" *R & J Holding Co. v. Redev. Auth. of Montgomery*, 670 F.3d 420, 426 (3d Cir. 2011) (quoting *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 326 (2005)). *See also Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988); *Brown v. Tucci,* --- F.Supp.2d ----, 2013 WL 2190145, *9 (W.D.Pa. 2013) (Fischer, J.; Full Faith and Credit requires federal courts to give preclusive effect to decisions of state courts, and "has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'") (quoting *San Remo Hotel*); *Zokaites Properties, LP v. La Mesa Racing, LLC*, 2012 WL 3144127, *9 (W.D.Pa. 2012) (Kelly, M.J.; "a federal court must give a judgment rendered by a state court the same preclusive effect that it would be accorded in the courts of the relevant state").

All claims against the II-IV defendants are foreclosed by claim and issue preclusion. As the Court of Appeals for the Third Circuit held in Mr. Rouse's previous

federal litigation arising from the same operative facts, when "a judgment is rendered by a state court, federal courts are statutorily bound by the doctrines of res judicata (or claim preclusion) and collateral estoppel (or issue preclusion) to honor it." *Rouse*, 2009 WL 1337144, *5.

Moreover, Plaintiff's relitigation of his underlying claims is prohibited by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker–Feldman* doctrine, federal district courts lack subject-matter jurisdiction to entertain collateral attacks on judgments rendered by state courts." *Zokaites Properties,* 2012 WL 3144127, *8 (citation omitted). The *Rooker–Feldman* doctrine bars a federal court action when that action is filed after the related state-court proceedings have ended. *Id*. (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291 (2005)).

It is equally apparent that the judicial defendants are absolutely immune from liability for all claims Plaintiff brings against them for any acts taken in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity is not only immunity from damages, but also immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Plaintiff's claims against these defendants are also stymied by *Rooker-Feldman.* Under the *Rooker-Feldman* doctrine, a "losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). *See also*

*Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008) (under the *Rooker-Feldman* doctrine, federal district court has no authority to review judgments of a state court where the losing state court party complains of injuries from the state court ruling).

As to the attorney defendants, claims against them are barred by *Rooker-Feldman*, claim and issue preclusion, and by independent grounds, including the expiration of the statute of limitations. Although the statute of limitations is an affirmative defense, it may be raised by way of a Rule 12(b) (6) motion when the complaint on its face clearly establishes noncompliance with the limitations period. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 1 (3d Cir. 1994).

Claims brought under 42 U.S.C. §§ 1981, 1983, and 1985 are subject to the appropriate statute of limitations of the forum state, *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985), which in Pennsylvania is two-years for false arrest, false imprisonment, malicious prosecution, malicious abuse of process, and personal injury, including civil conspiracy. See 42 Pa.Cons.Stat.Ann. § 5524; *Hynoski v. Columbia County Redev. Auth.*, --- F.Supp.2d ----, 2013 WL 1703585, *7 (M.D.Pa. 2013) (citing, *inter alia*, *Owens v. Okure*, 488 U.S. 235 (1989). "[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. . . . Statute of limitations questions may, therefore, be appropriately resolved on a Fed.R.Civ.P. 12(b) motion." *Aldrich v. McCulloch Props. Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). *See also Gach v. Fairfield Bor.* ---

F.Supp.2d ----, 2013 WL 433328, *1, *4 (M.D.Pa. 2013). *Wilson v. Bd. of Control of City of Harrisburg School Dist.,* 2010 WL 4977056, *4 n. 4 (M.D.Pa. 2010).

Plaintiff alleges no facts supporting an agreement between defendants to rig the litigation in favor of II-IV, and it is doubtful that his civil conspiracy and related claims could survive the motion to dismiss for failure to state a claim. The Court need not belabor the Rule 12(b)(6) analysis of the sufficiency of the factual allegations, however, because Plaintiff also alleges no facts supporting a conclusion that the statute of limitations was tolled for any reason. Therefore, any conduct or events occurring prior to January 2, 2011 cannot form the basis of Plaintiff's Section 1981, 1982 or 1983 claims, and are time-barred. Whatever conduct the conspirators engaged in to rig the litigation against Mr. Rouse, the conduct alleged in the complaint occurred before January 2, 2011.

A federal court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint are immaterial and made solely for purpose of obtaining jurisdiction, or are wholly insubstantial and frivolous. *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *CNA v. United States*, 535 F.3d 132 (3d Cir. 2008) (a plaintiff's federal claim may be dismissed for lack of subject matter jurisdiction if the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or when it is wholly insubstantial and frivolous). A complaint is frivolous if it lacks an arguable basis either in law or in fact, and is subject to dismissal where it presents a cause of action that relies on "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the Court need not accept the factual

allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ( quoting *Neitzke*, 490 U.S. at 327–329).

      To his unsuccessful previous litigation, Plaintiff now adds a layer of judicial, legal and corporate conspiracy between every former defendant, his lawyers and every state court judge that presided over or reviewed his litigation. To make a long story short, Plaintiff's quixotic litigation continues with this latest reiteration of his underlying litigation, with the wide spread legal and judicial conspiracy added to the mix. This Court will not further expend additional scarce judicial and legal resources indulging Plaintiff's fanciful and frivolous litigation. He has had many days in many courts and he did not prevail; he must now move on.

### III. Conclusion

Based on the discussion above, it is respectfully recommended that the motions to dismiss filed at (ECF Nos. 7, 15 and 17) be granted, and this action be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. ' 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel and Plaintiff