IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMBROSIO ROUSE,

    Plaintiff,

    v.

II-VI INCORPORATED, ET AL.,

    Defendants.

13cv0065
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: PLAINTIFF'S MOTION FOR RECUSAL (DOC. NO. 54); PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 58); AND DEFENDANTS' MOTION FOR SANCTIONS (DOC. NOS. 52 AND 53)

### I. Introduction

This case centers on alleged employment discrimination and attorney and judicial misconduct related to litigation thereon. Plaintiff filed his *pro se* Complaint on January 14, 2013. Doc. No. 1. Defendants moved to dismiss Plaintiff's Complaint in its entirety. Doc. Nos. 7, 15, 17. On August 8, 2013, United States Magistrate Judge Cynthia Eddy filed a Report and Recommendation that recommended that Defendants' Motions to Dismiss be granted and the case be closed. Doc. No. 42. This Court adopted Judge Eddy's Report and Recommendation, dismissed Plaintiff's Complaint with prejudice, and ordered the case closed. Doc. Nos. 49-50. Since that time, the following Motions have been filed: (1) Motion for Sanctions filed by Defendants Beverly A. Block ("Block") and Samuel J. Pasquarelli ("Pasquarelli"); (2) Motion for Sanctions filed by Defendants Bruce Glick ("Glick"), II-VI Incorporated ("II-VI Inc."), Carl J. Johnson ("Johnson"), and Francis J. Kramer ("Kramer"); (3) Plaintiff's Motion for Recusal of Judge Arthur J. Schwab; and (4) Plaintiff's Motion for Reconsideration of the Order on Report

and Recommendation. Doc. Nos. 52, 53, 54, 58. These Motions have been fully briefed and are ripe for disposition. Doc. Nos. 55-57, 59-68.

**II.  Discussion**

　　*A.  Plaintiff's Motion for Recusal (Doc. No. 54)*

Plaintiff moves this Court to recuse itself from "any further action in this case." Doc. No. 54, 5.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).

The United States Supreme Court stated in *Liteky v. United States*, 510 U.S. 540 (1994) that "[i]t is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that 'extrajudicial source' is the only basis for establishing disqualifying bias or prejudice." *Id*. at 551. When a litigant does not cite to extrajudicial sources, the Judge's opinions and remarks must reveal a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." *Id*. at 555–56. The United States Court of Appeals for the Third Circuit has defined extrajudicial sources as "source[s] outside of the official proceedings." *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994). A Judge has just as much of an obligation not to recuse when it is unwarranted as to recuse when it is warranted. *Smith v. Danyo*, 441 F.Supp. 171, 175 (M.D. Pa. 1977).

In support of his Motion, Plaintiff cites "extrajudicial activity and pre-conceived bias and prejudice." Doc. No. 54, 1. Prior to this case being assigned to this Court, Judges Terrence

2

McVerry, David Cercone, Nora Barry Fischer, and Magistrate Judge Maureen Kelly recused. Doc. Nos. 2-5. Plaintiff's argument centers on those recusals and the "speculative" conclusion that Judge McVerry "work[ed] in the background encouraging other [Judges] to act as they ultimately did." Id. at 2. In other words, this Court may have been influenced by Judge McVerry and his recusal to rule against Plaintiff. This Court adopted Judge Eddy's Report and Recommendation based upon the law and the record before it, not emotion, bias, or any relationship with a fellow Judge of this Court. Plaintiff's contentions are indeed merely "speculative" and no meritorious argument has been advanced. Therefore, Plaintiff's Motion for Recusal (Doc. No. 54) will be DENIED.

B.  *Plaintiff's Motion for Reconsideration (Doc. No. 58)*

Plaintiff moves this Court to reconsider its Order adopting Judge Eddy's Report and Recommendation. Doc. No. 58. Motions for reconsideration are only proper "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinterosh*, 176 F.3d 669, 677 (3d Cir. 1999), *quoting Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration demonstrates: (1) an intervening in the controlling law; (2) the availability of new evidence that was not available at the time of the decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 677. Plaintiff contends that reconsideration "must" be granted to correct errors of fact and law and to prevent "great" manifest injustice. Doc. No. 58, 1. Specifically, Plaintiff contends that this Court: has "erred in law and violated rules of court, factually erred, abused its discretion, violated [Plaintiff's] due process rights, [and] violated [Plaintiff's] rights to a jury trial . . . ." Doc. No. 58, 2. After review of the nine (9) alleged errors of fact and 15 alleged errors of law identified by Plaintiff,

3

the Court finds no grounds to disturb its prior Order. Therefore, Plaintiff's Motion for Reconsideration (Doc. No. 58) will be DENIED.

C. *Defendants' Motions for Sanctions (Doc. Nos. 52-53)*

Defendants move this Court pursuant to Federal Rule of Civil Procedure 11 to impose the following sanctions: (1) dismiss Plaintiff's Complaint with prejudice; (2) prohibit Plaintiff from filing "any litigation of any kind" against Defendants or members of Sherrard, German & Kelly, P.C. and II-VI Inc. during the relevant time; (3) impose unspecified fines to be paid to the Clerk of Court to deter further litigation; and (4) impose an unspecified sum to compensate Defendants for reasonable costs and attorneys fees. Doc. Nos. 52-1 and 53-1.

Rule 11 imposes a "nondelegable duty" upon the person signing a pleading, written motion, or other paper filed with the Court, "to conduct his own independent analysis of the facts and law which forms the basis of a pleading or motion." *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1277 (3d Cir. 1994) (internal quotation marks and citation omitted). The rule provides that this person "may be sanctioned if [s/he], among other things, fails to make a reasonable inquiry into the legal legitimacy of a pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010). This duty, and the attendant threat of sanctions, applies equally to both attorneys of record and parties appearing *pro se*. *See* Fed. R. Civ. P. 11; *see also, e.g., De Nardo v. Murphy,* 781 F.2d 1345 (9th Cir.), *cert denied*, 476 U.S. 1111 (1986); *Taylor v. Messmer*, No. 02:09-cv-1116 (W.D. Pa. 2010). The standard for determining whether sanctions are justified is whether the conduct in question was "objectively reasonable under the circumstances." *Id.* (*quoting Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)) (citation omitted).

In making this determination, the district court has wide discretion. *Brubaker Kitchens, Inc. v. Brown*, 280 Fed. Appx. 174, 185 (3d Cir. 2008). However, the United States Court of Appeals for the Third Circuit has cautioned that District Courts should impose sanctions only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); *see also Mary Ann Pensiero, Inc., v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) ("We do not entreat from our admonition . . . against routine and indiscriminate invocation of Rule 11[.]") (citations omitted).

Defendants' Motions for Sanctions is based upon previous lawsuits filed by Plaintiff against several of the Defendants and allegedly knowingly incorrect assertions and allegations (32 identified by Defendants Pasquarelli and Block and 25 identified by Defendants II-VI Inc., Johnson, Kramer, and Glick) contained in the instant Complaint. Doc. Nos. 52-53. Plaintiff has filed several lawsuits against these Defendants centering on his 2004 termination and litigation related thereto, none of which have been successful in the first instance or on appeal. See Doc. Nos. 52-53, 1-4.

First, as with all litigation in United States District Courts, the goal of this case should be "to secure the just, speedy, and inexpensive determination" of the parties' dispute. F.R.Civ.P. 1. The Court reminds Plaintiff of his obligation to abide by the requirements of Federal Rule of Civil Procedure 11(a) and (b) which require an unrepresented party to sign a filing, which certifies that the litigation is presented for a proper purpose, warranted by existing law or nonfrivolous argument to extend the law, supported by evidence or likely to have such support following discovery. This duty is not abated by his *pro se* status. Litigation is not a platform to advance unsupported conclusions. Plaintiff has repeatedly accused both this Court and Judge

Eddy of failing to consider his Complaint. Doc. No. 56, 5. Prior to entering an Order dismissing Plaintiff's Complaint, the Court carefully reviewed all documents before it, including Plaintiff's Complaint. Plaintiff's Complaint must be dismissed with prejudice because of the statute of limitations, etc. which act as an absolute bar to the specific factual allegations. This Court has complied with the Code of Conduct for United States Judges, including the requirement that this Court "maintain and enforce high standards of conduct and should personally observe those standards . . . ." Cannon 1. Although Plaintiff is displeased with the Court's rulings, a response attacking the very sufficiency of the Court's review is inappropriate. Unfounded attacks on other members of the judiciary or Defendants are equally inappropriate and violate of the Federal Rules of Civil Procedure.

Plaintiff is clearly displeased with his termination and his unsuccessful litigation related thereto. This conflict has carried on for almost ten years. As noted by Judge Eddy, "he has had many days in many courts and he did not prevail; he must now move on." Doc. No. 42, 7. This must be stressed again. This Court will not devote further resources to parse through paragraphs of Plaintiff's Complaint to ascertain the veracity of prior statements, factual allegations etc. The Court declines to impose sanctions at this juncture. However, Plaintiff is put on notice that this Court will not devote judicial resources to future unfounded, personal, or conspiratorial attacks by this Plaintiff.

If further litigation on this same subject is filed by Plaintiff in the United States District Court for the Western District of Pennsylvania, it will be assigned to this Court pursuant to Local Rule 40D(3). The Court will conduct a vigorous screening process of Plaintiff's Complaint to determine if the filing complies with the Federal Rules of Civil Procedure. Further, this Court

would entertain an appropriate motion for Rule 11 sanctions because the lengthy litigation by Plaintiff has cost Defendants a significant amount of time, stress, funds, and resources.

### III. Conclusion/Order

AND NOW, this 26th day of September 2013, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Recusal (Doc. No. 54) is **DENIED;**

2. Plaintiff's Motion for Reconsideration (Doc. No. 58) is **DENIED;**

3. Defendants' (Block and Pasquarelli) Motion for Sanctions (Doc. No. 52) is **DENIED**;

4. Defendants' (Glick, II-VI Inc., Johnson, and Kramaer) Motion for Sanctions (Doc. No. 53) is **DENIED**; and

5. As previously ordered, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. This case remains **CLOSED**.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties