IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBROSIO ROUSE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0065 |
| | ) | United States Magistrate Judge |
| II-VI INCORPORATED, | ) | Cynthia Reed Eddy |
| BRUCE GLICK, CSABA SZELES, | ) | |
| SAMUEL J. PASQUARELLI, | ) | |
| BEVERLY A. BLOCK, | ) | |
| FRANCIS J. KRAMER, CARL J. JOHNSON, | ) | |
| JUDGE MARILYN J. HORAN, | ) | |
| JUDGE CHERYL LYNN ALLEN, | ) | |
| JUDGE SALLIE UPDYKE MUNDY, | ) | |
| JUDGE CORREALE F. STEVENS, and | ) | |
| JUDGE JOHN L. MUSMANNO, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On August 26, 2013, this Court entered an Order Of Court Re: Plaintiff's Objections to

Judge Eddy's Report and Recommendation (Doc. No. 43). Order of Court, (Doc. No. 49). The

Order overruled Plaintiff Rouse's Objections and adopted the Report and Recommendation by

United States Magistrate Judge Eddy as this Court's final order, stating as follows:

> This Court agrees with Judge Eddy that the entirety of Plaintiff's
> claims are barred by threshold issues that do not relate to Plaintiff's specific
> factual averments. Therefore, discussion of these facts is unnecessary both in
> the Report and Recommendation and this Court's Order. As explained by
> Judge Eddy in her Report and Recommendation, Plaintiff's Complaint will be
> dismissed with prejudice because amendment would be futile.

Order of Court (Doc. No. 49), at 2.

Subsequently, this Court filed a "Memorandum Order Re: Plaintiff's Motion For Recusal

(Doc. No. 54); Plaintiff's Motion For Reconsideration (Doc. No. 58); And Defendants' Motion

For Sanctions (Doc. Nos. 52 And 53)." (Doc. No. 69). In it, this Court denied all four motions,

including Plaintiff's Motion for Reconsideration (Doc. No. 58) of the Order adopting Magistrate

Judge Eddy's Report and Recommendation, and held: "[a]s previously ordered, Plaintiff's Complaint is DISMISSED WITH PREJUDICE."

On October 29, 2013, Plaintiff filed a "**PETITION FOR WRIT OF MANDAMUS** and/or in the alternate **Notice of Appeal**" (capitalization and bolding in original) to the United States Court of Appeals for the Third Circuit from this Court's Orders at (Doc. Nos. 49 and 69), the case management order of August 26, 2013, and all of the "interlocutory orders entered in this action." Court of Appeals for the Third Circuit, document no. 00311134527, Case No. 13-4233. A panel of the United States Court of Appeals denied Plaintiff's mandamus petition and appeal on June 10, 2014 in an Order signed by Judge D. Michael Fisher, which stated in its entirety as follows:

> The foregoing mandamus petition is denied. Although a mandamus petition is a proper means of challenging the denial of a motion for recusal, *Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 163 (3d Cir. 1993), Petitioner has not shown that a reasonable person, with knowledge of all the facts, would reasonably question Judge Schwab's impartiality. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 & n.12 (3d Cir. 2004); *In re School Asbestos Litigation*, 977 F.2d 764, 778 (3d Cir. 1992). To the extent that Petitioner seeks to appeal from the District Court's order granting the defendants' motions to dismiss, we will summarily affirm because *the appeal does not present a substantial question. See* 3d Cir. L.A.R. 27.4 and I.O. P. 10.6. The notice of appeal, although mistakenly submitted to this Court, was timely filed under the separate judgment doctrine. Fed. R. Civ. P. 58(a); *see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 224 (3d Cir. 2007). *As the Magistrate Judge properly explained, Petitioner's claims are foreclosed by claim and issue preclusion*, see *Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd.*, 63 F.3d 1227, 1231 (3d Cir. 1995), *barred by judicial immunity*, *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006), *and are untimely under the applicable statute of limitations*, *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). (emphasis added)

Mr. Rouse then filed a Petition for Reconsideration for Rehearing En Banc, which the Court of Appeals denied, En Banc, on July 15, 2014. Order Denying Petition for Rehearing En

Banc, Court of Appeals for the Third Circuit, document no. 003111679779, Case No. 13-4233. The Mandate was issued on July 23, 2014.

Undaunted, Plaintiff has now filed a "Motion to Re-Open the above captioned case in order to direct the entry of Judgment pursuant to F.R.C.P. 58(a) or, in the alternative render Certification pursuant to F.R.C.P. 54(b), make express findings pursuant to 28 U.S.C. § 1292 and, make the proper assessment of the sufficiency of the Complaint filed in this action and allow for the docketing and disposal of a previously filed request for discovery." (Doc. No. 70). In addition, Plaintiff filed a "Motion/Praecipe to Docket previously Filed Request for Discovery." (Doc. No. 71).

These motions must be denied as frivolous. This Court dismissed Plaintiff's complaint with prejudice because it would be futile to allow amendment, in light of the threshold bars to his claims, denied his motion for reconsideration, and closed the case. The United States Court of Appeals for the Third Circuit kept the case closed when it summarily denied Plaintiff's mandamus petition and appeal because it did not present a substantial question.

The United States Court of Appeals agreed with this Court that Plaintiff's claims are foreclosed by claim and issue preclusion, barred by judicial immunity, and untimely under the applicable statute of limitations, and therefore denied his Petition for Rehearing En Banc. The law of the case requires this Court to deny the Plaintiff's frivolous motions. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (The law of the case doctrine states that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"); *Arizona v. California*, 460 U.S. 605, 618 (1983) (generally, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). Further discussion is not necessary.

3

AND NOW, this 31st day of July, 2014, Plaintiff's Motion to Re-Open (Doc. No. 70) and his Motion/Praecipe to Docket previously Filed Request for Discovery (Doc. No. 71) are DENIED.

/s Arthur J. Schwab<br>Arthur J. Schwab<br>United States District Judge

cc:    all ECF registered counsel and Plaintiff

       **AMBROSIO ROUSE**
       2770 St. Andrews Square
       Apt #2117
       Allison Park, PA 15101